**Jean A. GAGLIARDI, Appellant,**

v.

**Robert W. WOOD et al., Appellees.**

**No. 1650.**

Court of Civil Appeals of Texas, 14th District.

Sept. 21, 1977.

Rehearing Denied Oct. 31, 1977.

John F. Vecchio, Houston, for appellant.

Sam W. Cruse, Jr., Merrick C. Walton, Andrews, Kurth, Campbell & Jones, Houston, for appellees.

CIRE, Justice.

This is a medical malpractice case. At the conclusion of the plaintiff's case, upon motion by the defendants, the trial court withdrew the case from the jury and granted judgment for the defendants. Plaintiff appeals.

Appellant Jean A. Gagliardi brought this suit against appellees Dr. Robert W. Wood, Dr. John K. Dozier, and Dr. Thomas D. Franklin, alleging she was damaged by their medical malpractice. Her first amended petition stated that she retained Dr. Dozier to treat her for a fractured thigh bone and that he performed surgery on appellant, attaching a plate to her thigh bone with nine screws; this operation left a scar running almost the entire length of her thigh. Thereafter, two of the screws partially pulled out of the plate, causing appellant pain. Dr. Dozier again operated on appellant and removed the plate. During this second operation Dr. Wood, a plastic surgeon, revised the scar left by the original surgery; he cut away old scar tissue and removed excess fat.

Appellant alleged the resultant scar was unsightly and had holes and bumps in it. She claimed: (1) Dr. Dozier was negligent in failing to use other means of treatment and in failing to use proper care in attaching the plate, that this negligence required a second operation, and that it was a proximate cause of her disfiguring scar; (2) Dr. Wood did not exercise the proper care of a

specialist in plastic surgery because he was not present while Dr. Dozier was operating and failed to properly revise the scar; (3) appellees assured her they would use due care and observe proper rules of medical practice, warranted she would be benefited by their treatment, and warranted they would use proper procedures and beneficial materials and that they breached these warranties; and (4) none of the appellees told her that her fracture could be treated by traction or without a plate, nor did they tell her that this plate might have to be removed, or that she would have this scar or that this scar would be unsightly, with holes, indentations, and bumps after plastic surgery, or that she might need additional plastic surgery. Appellant claimed the negligence of appellees caused her pain, embarrassment over the scar, and expenses for treatment, and prayed she be awarded damages of $150,000.

Dr. Dozier, Dr. Wood and the plaintiff were the only witnesses to testify. There was no testimony by or about Dr. Franklin, the plaintiff apparently having abandoned any claim against him.

On appeal, appellant attacks the withdrawal of the case from the jury by one point of error, asserting that the evidence raised material issues of fact which should have been submitted to the jury for determination. In deciding this point, we consider the evidence in its light most favorable to plaintiff-appellant. *Echols v. Wells*, 510 S.W.2d 916, 919 (Tex.Sup.1974).

■ To present a medical malpractice case for jury determination:

The burden of proof is on the patient-plaintiff to establish that the physician-defendant has undertaken a mode or form of treatment which a reasonable and prudent member of the medical profession would not have undertaken under the same or similar circumstances . . . . Unless the mode or form of treatment is a matter of common knowledge or is within the experience of the layman, expert testimony will be required to meet this burden of proof.

*Hood v. Phillips*, Tex., 554 S.W.2d 160, 165–166 (1977). The defendant physicians may themselves be the experts to establish the standard of care. *Wilson v. Scott*, 412 S.W.2d 299, 303 (Tex.Sup.1967).

■ Appellant's first allegations, that Dr. Dozier was negligent in failing to use other means of treatment and in improperly setting the plate, were not supported by any expert medical testimony. Dr. Dozier's testimony tended to establish that implanting a plate was a customary and medically sound procedure. There was no evidence presented which points to a different conclusion. Nor was there any evidence that the plate and screws were placed improperly. The only testimony on this procedure was given by Dr. Dozier, who said that even properly set screws sometimes will back out.

Appellant also failed to present any evidence to support her averments that Dr. Wood was negligent in not exercising proper care in revising the scar and in failing to be present at the beginning of the surgery when the plate was removed. There was no medical testimony that the revision of the scar was improperly performed or that a plastic surgeon who was to revise and sew up a scar after removal of a plate should have been present during its removal.

There is no support in the evidence for appellant's allegations that appellees breached their warranties that they would use due care in performing the operation and would observe proper medical practice, that she would be benefited by the treatment, and that they would use proper procedures and beneficial materials. There was no expert testimony tending to establish that the treatment was not beneficial to appellant or that appellees failed to use due care or follow proper procedures.

Appellant made numerous allegations that she was not given sufficient information upon which she could base an informed consent to the operation. We find that she has not presented the evidence necessary to take the issue of informed consent to the jury. In such an action:

. . . [T]he plaintiff had the burden to prove by expert medical evidence what a reasonable medical practitioner of the same school and same or similar community under the same or similar circumstances would have disclosed to his patient about the risks incident to a proposed diagnosis or treatment, that the physician departed from that standard, causation, and damages.

*Wilson v. Scott*, 412 S.W.2d 299, 302 (Tex. Sup.1967).

Appellant alleged that Dr. Dozier did not tell her the fracture could be treated by traction or without a plate. Dr. Dozier testified that it would be standard practice to explain that traction could be used but that it involved complications and that this was explained to her. Appellant offered no testimony that she was not given this explanation.

She also alleged that Dr. Dozier did not tell her the plate might have to be removed in another operation. Dr. Dozier testified that it was standard practice and his habit to explain that about half the patients who have a plate might require another operation. Appellant's own testimony established that Dr. Dozier told her if the plate bothered her, it would have to be removed.

Appellant testified that had she known about the pulling of the muscles in the area of surgery or the protrusion of stitches, she would not have had the plastic surgery. Dr. Wood did testify that it would be standard practice to inform the patient about the pulling of the muscles in this area; that this was a notorious part of the body for healing and she would have to be very diligent about following his instructions. There was, however, no medical testimony establishing that the pulling of the muscles caused any of the unsightliness, holes or bumps of which appellant complained. In fact the medical testimony was that appellant did follow the doctor's instructions and the operation was a successful one.

The record is completely devoid of medical testimony regarding the protruding stitches. Dr. Wood and Dr. Dozier did not testify as to any standard for disclosure of this risk, nor was there any testimony on causation. The hospital records reveal that in the second operation the inner layers of skin were sutured by Dr. Dozier and the outer layers by Dr. Wood. There is nothing to indicate which stitches were protruding.

Although not specifically pled, appellant complained during trial of Dr. Wood's failure to inform of the possibility of her developing fat necrosis. There was, however, no evidence that she had fat necrosis. Dr. Wood's opinion was that she had cellulitis rather than fat necrosis.

Next, she alleged that none of the appellees told her she might need additional plastic surgery. Dr. Wood replied in the negative when asked whether it would be proper practice to advise a patient before this type of plastic surgery that further revision of the scar might be necessary.

Finally appellant complains of the failure of Drs. Wood and Dozier to explain to her before the second operation that she would have to be on crutches for three weeks after the operation and wear an ace bandage. This was not a risk incident to the treatment. It was part of the treatment. The record discloses that such treatment was prescribed by the doctors, either before, according to Dr. Wood's testimony, or after the operation, as stated by appellant, but in any event, it was prescribed, the patient followed the doctor's instructions, and a medically successful result was obtained.

The judgment is affirmed.