STONE RESOURCES, INC., Appellant,

v.

**Annie BARNETT and Lillie Willoughby, Appellees.**

No. 01–82–0889–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 14, 1983.

Kathleen A. Hurren, Austin, for appellant.

R. William Spinn, Paul A. Ehlert, Brenham, for appellees.

Before JACK SMITH, BASS and COHEN, JJ.

## OPINION

JACK SMITH, Justice.

This is a suit to recover damages received as a result of an alleged trespass. The appellant, after being served with citation, filed an answer, but failed to appear at trial. After hearing evidence on the appellees' claim, the trial court rendered judgment for them in the sum of $20,000. The appellant's motion for new trial was overruled by operation of law when the trial court failed to rule on it.

By its first point of error, the appellant asserts that the trial court erred in relying on hearsay testimony as the basis for its judgment. By its other three points of error, the appellant alleges that the trial court erred in refusing to grant its motion for a new trial.

We affirm the judgment of the trial court.

The appellees, Annie Barnett and Lillie Willoughby, are co-owners of a 100-acre tract of real property located in Burleson County, Texas. Sometime during the year of 1981, the appellant built a "haul" road on the appellees' property to transport hydrocarbon products from the adjacent property, where it had a mineral lease.

Ms. Barnett became aware on April 27, 1981 that the road had been built. She testified that she called the appellant's office and spoke with a Mr. Strong. She stated that Mr. Strong did not offer to pay for an easement or for the use of the property, and he told her that the company had built a "good road".

Ms. Barnett also testified that neither she nor her sister had executed a written easement to the appellant, and had not given the appellant the right to go upon their property. She stated that the value of the property had been reduced by $10,000 because trees and other landscape were destroyed over an area of approximately seven acres.

In addition to awarding a judgment of $20,000, including $10,000 punitive damages, against the appellant, the court further ordered that the appellant be restrained from using, entering on, or in any manner making use of the land owned by the plaintiff.

By its first point of error, the appellant alleges that the trial court erred in relying upon the testimony of Ms. Barnett that neither she nor her sister had given the appellant consent to enter their property. The appellant alleges that this testimony is hearsay and does not constitute probative evidence on any element of the appellees' cause of action.

The appellees assert that once they proved their title to the land, no further proof was required, and that the issue of consent or license was an affirmative defense that the appellant was required to specifically plead. They contend that since the appellant filed only a general denial, and did not appear at trial, that it has waived the affirmative defenses of license or consent.

We first observe that when a defendant files an answer, but fails to appear at trial, a judgment granted in favor of the plaintiff is a post-answer default judgment. *Stoner v. Thompson,* 578 S.W.2d 679 (Tex. 1979). Under these circumstances the defendant's answer places the merits of the plaintiff's cause of action at issue. Thus, the defendant's failure to appear at trial is neither an abandonment of its answer nor an implied confession of any issues. Hence, the plaintiff must prove all the elements of the cause of action asserted. *Frymire Engineering Co., Inc. v. Grantham,* 524 S.W.2d 680 (Tex.1975). Therefore, judgment in the instant case cannot stand unless the appellees proved each element of trespass.

The issue presented is whether consent is an element of trespass or whether it is an affirmative defense to an action for trespass.

This court has stated in several cases that a trespass to real property is committed where a person enters another's land *without consent. King v. Loessin,* 572 S.W.2d 87 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ) (emphasis added); *Exxon Corp. v. Brecheen,* 519 S.W.2d 170 (Tex.Civ.App.—Houston [1st Dist.] 1975) *rev'd on other grounds,* 526 S.W.2d 519 (Tex.1975); *Mischer v. Frost,* 451 S.W.2d 936 (Tex.Civ.App.—Houston [1st Dist.] 1970) *rev'd on other grounds,* 463 S.W.2d 166 (1971).

Trespass has also been defined as the *unauthorized entry* upon the land of another. *Schronk v. Gilliam,* 380 S.W.2d 743 (Tex.Civ.App.—Waco 1964, no writ); (emphasis added); *See also, McDaniel Bros. v. Wilson,* 70 S.W.2d 618 (Tex.Civ.App.—Beaumont 1934, err. dism'd).

Thus, regardless of the definition given to the term "trespass", the courts have held that once the plaintiff has proven ownership of the property "or a lawful right to possession", and an entry by the defendant, the burden of proof falls upon the defendant to plead and prove consent or license as a justification for the entry. Rule 94, Tex. R.Civ.Pro., is supportive of this line of reasoning because it requires any matter constituting an avoidance or an affirmative defense to be pleaded.

This court has also held that where the petition alleges damages by reason of the injury done to the property after the defendant's entrance on the property, lack of consent need not be proved. *Hooper v. Smith,* 53 S.W. 65 (Tex.Civ.App.—Galveston 1899, no writ). Further, this court has held that when the acts of the defendant are prima facie a trespass, any matter of justification or excuse must be specifically pled. *Southern Pine Lumber Co. v. Smith,* 183 S.W.2d 471 (Tex.Civ.App.—Galveston 1944, err. dism'd).

In the instant case, neither the appellees' ownership of the land, nor the appellant's entry upon the property was contested by the appellant. Thus, the appellees made a prima facie case of trespass. Since the appellant filed only a general denial, it waived any affirmative defense and may not now complain of insufficient evidence to prove lack of consent. Rule 94, Tex.R.Civ.Pro.

The appellant also contends that the appellees' failure to prove lack of consent precludes their recovery of exemplary damages, citing *M.C. Winters Inc. v. Lawless,* 445 S.W.2d 761 (Tex.Civ.App.—Eastland 1969, writ ref'd n.r.e.), to support this position. We do not agree with the appellant's construction of the *Winters* decision. *Winters* holds only that a trial court may not award exemplary damages where the defendant shows that he mistakenly believed that he had consent for his entry. In the instant case, the appellant presented no evidence, and, therefore the *Winters* case is not relevant. The appellant's first point of error is overruled.

In his last three points of error, the appellant contends that the trial court erred in overruling its motion for a new trial because: (1) the appellant showed a meritorious defense, a reasonable explanation for not being present at trial, and not requesting a continuance; (2) justice demands that the appellant be given another trial; (3) appellant has been denied due process of law because it has a right to be heard.

**152**

The rule regarding the setting aside of a default judgment by means of a motion for new trial is applicable to a post-answer default judgment. *Farley v. Clark Equipment Co.,* 484 S.W.2d 142 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.).

In the instant case, the appellant is entitled to have the default judgment against it vacated and a new trial ordered if: (1) it established that the failure to attend trial was not due to conscious indifference on its part, but due to accident or mistake; (2) it proved a meritorious defense; and, (3) it demonstrated that the granting of a new trial would occasion no delay or otherwise injure the appellee. *Ivy v. Carrell,* 407 S.W.2d 212 (Tex.1966); *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1939).

In order to comply with the requirement that a new trial will not prejudice the non-movant, the moving party must offer and show that it is ready, willing and able to go immediately to trial. It must also offer to reimburse the non-movant for the reasonable expenses incurred in obtaining a default judgment. *Spencer v. Affleck & Co.,* 620 S.W.2d 831 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *Crabbe v. Hord,* 536 S.W.2d 409 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n.r.e.), *cert. denied* 430 U.S. 932, 97 S.Ct. 1554, 51 L.Ed.2d 776 (1977).

In the instant case, the appellant alleged that the granting of the motion for a new trial would not injure the appellees nor cause a delay of the matter. However, it did not offer to proceed to trial immediately or show that it was ready, willing and able to do so. Furthermore, the appellant did not offer to reimburse the appellees for reasonable expenses incurred in obtaining the judgment. Accordingly, the appellant was not entitled to a new trial, even if it met the other requirements of *Ivy* and *Craddock, supra.*

The appellant has not been denied due process because it was afforded a hearing on all its complaints. Further, since the appellant failed to comply with all requisites for obtaining a new trial, its complaint that it has not received justice because it was refused a new trial is without merit. The appellant's second, third and fourth points of error are overruled.

The judgment of the trial court is affirmed.