**Anthony W. BEAL, Appellant,**

v.

**Deborah E. HAMILTON, Appellee.**

**No. 01–86–00025–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 19, 1986.

Sarnie A. Randle, Jr., Washington & Randle, Houston, for appellant.

G. Allen Price, Price & Brophy, Dwight Donaldson, Houston, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

## OPINION

WARREN, Justice.

This is an appeal from a denial of a motion for new trial and to set aside a post-answer default judgment entered in a medical malpractice suit.

On February 10, 1979, appellee sought appellant's medical advice and treatment, complaining of abdominal pain, headaches, and nervousness. Appellant prescribed 1.25 milligrams of the estrogen drug Premarin as treatment for what he diagnosed as gastritis, artificial menopause, and anxiety.

On February 14, 1979, appellee was admitted to St. Elizabeth's Hospital and diagnosed as having thrombophlebitis. The emergency room physician immediately discontinued use of the Premarin. The following day, appellant visited appellee and again prescribed Premarin, although appellant also diagnosed appellee's condition as possible thrombophlebitis and treated her for such condition.

On February 2, 1981, appellee filed suit against appellant, alleging negligence and gross negligence in appellant's (1) failing to properly diagnose appellee's disorder, (2) failing to properly inform appellee of the hazards and side effects of Premarin, specifically drug-induced thrombophlebitis, and (3) failing to discontinue use of Premarin after appellee was diagnosed as having thrombophlebitis.

Appellant timely filed a general denial. On December 5 and 8, 1983, appellee served on appellant requests for admissions. Appellant failed to timely answer the requests, and on February 6, 1984, appellee filed her Motion to Deem Facts Admitted. Appellant finally answered the requests on February 13, 1984. On February 20, 1984, the court considered appellee's Motion to Deem but elected to defer ruling until time of trial. The court noted on its file memo "that several of defendant's late-filed responses are evasive and non-specific."

The case was set for trial on October 7, 1985, and all parties were notified. Appellee appeared and announced ready for trial. However, by 10:15, neither appellant nor his attorney had appeared or notified the court of any reason for non-appearance or delay.

The court proceeded to trial, at which time appellee's requests for admissions were deemed admitted and read into the record. Evidence in the form of appellant's deposition testimony was also read into the record, after which the court entered judgment for appellee in the amount of $250,000 plus pre-judgment interest at 6% per annum, and post-judgment interest at 10% per annum.

The judgment was signed on October 14, 1985, and on November 13, 1985, appellant filed his Motion to Set Aside Judgment by Default and Motion for New Trial, which was denied.

Appellant presents two points of error. In the first, appellant contends that (1) there is no evidence of the required standard of care that appellant is alleged to have violated, and (2) there is no evidence to support appellant's liability under appellee's informed consent theory. Appellant does not complain of that part of the judgment awarding damages.

In reviewing no-evidence points, this Court considers only the evidence and inferences therefrom that tend to support the judgment and disregards all evidence and inferences to the contrary. *King v. Bauer*, 688 S.W.2d 845, 846 (Tex.1985); *Tomlinson v. Jones*, 677 S.W.2d 490, 492 (Tex.1984); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). Where, as here, no findings of fact or conclusions of law are filed, the trial court judgment must be upheld on any legal theory supported by the record. *Strackbein v. Prewitt*, 671 S.W.2d 37 (Tex.1984); *Davis v. Huey*, 571

S.W.2d 859 (Tex.1978); *Buchanan v. Byrd,* 519 S.W.2d 841 (Tex.1975).

In a medical malpractice suit, the standard of care is the threshold question, and that must be established so that the fact finder can determine whether the physician-defendant's acts deviated from the standard of care to the point of negligence or malpractice. *Coan v. Winters,* 646 S.W.2d 655, 657 (Tex.App.—Fort Worth 1983, writ ref'd n.r.e.). "The burden of proof is on the patient-plaintiff to establish that the physician-defendant has undertaken a mode or form of treatment which a reasonable and prudent member of the medical profession would not have undertaken under the same or similar circumstances. The circumstances to be considered include, but are not limited to, the expertise of and means available to the physician-defendant, the health of the patient, and the state of medical knowledge." *Hood v. Phillips,* 554 S.W.2d 160, 165 (Tex. 1977). The physician-defendant may be the expert to establish the standard of care. *Wilson v. Scott,* 412 S.W.2d 299, 303 (Tex. 1967); *Gagliardi v. Wood,* 556 S.W.2d 840 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.).

In our case, testimony in the form of appellant's deemed admissions and deposition testimony was introduced into evidence. Appellant testified that a side effect of the drug Premarin is thrombophlebitis; therefore, by the standard of care in Houston, Harris County, Texas, on or about February 10, 1979, it was contraindicated for a physician to prescribe or continue to direct the use of Premarin to a patient who had been diagnosed with thrombophlebitis.

Appellant testified that the emergency room physician discontinued appellee's use of Premarin when her condition was diagnosed as thrombophlebitis. Appellant also diagnosed appellee with possible thrombophlebitis and treated her as having such condition. However, appellant continued to treat appellee with Premarin after such diagnosis was made.

Finally, appellant testified that under the same or similar circumstances as those of appellee, "a physician prescribing Premarin would be negligent" and "grossly negligent." Such testimony, in the form of an opinion or inference otherwise admissible, is no longer objectionable on the ground that it embraces an ultimate issue to be decided by the trier of fact. Tex.R. Evid. 704; *see King v. Bauer,* 688 S.W.2d at 846. We conclude that such evidence establishes the requisite standard of care.

Appellant next argues that there is no evidence to support his liability on appellee's informed consent theory. Appellant contends that there is no evidence to show that the prescribed treatment would have been declined by appellee, had she been informed of the side effects; therefore, lack of consent cannot be found to have proximately caused her damage.

In 1977, the legislature enacted the Medical Liability and Insurance Act, Tex.Rev. Civ.Stat.Ann. art. 4590i (Vernon Supp.1986) ("the Act"). Section 6.02 of the Act states:

In a suit against a physician or health care provider involving a health care liability claim that is based on the failure of the physician or health care provider to disclose or adequately to disclose the risks and hazards involved in the medical care or surgical procedure rendered by the physician or health care provider, the only theory on which recovery may be obtained is that of negligence in failing to disclose the risks or hazards that could have influenced a reasonable person in making a decision to give or withhold consent.

Section 6.02 replaces the common-law locality rule concerning the physician's duty to disclose, based upon the "reasonable medical practitioner" standard, with "a reasonable person" rule. *Barclay v. Campbell,* 704 S.W.2d 8, 9 (Tex.1986); *Peterson v. Shields,* 652 S.W.2d 929, 931 (Tex.1983). The "reasonable person" rule focuses on disclosures that would "influence a reasonable person in deciding whether to consent to a recommended medical procedure, rather than the disclo-

sures the doctors in a certain community deem material." *Peterson*, 652 S.W.2d at 931.

■ The Act established the Texas Medical Disclosure Panel to evaluate and determine which risks associated with medical care procedure should be disclosed. Once evaluated, each medical care procedure is placed upon one of two lists. List A contains all procedures requiring disclosure; List B contains all procedures not requiring disclosure. *Id.* Section 6.07(a) of the Act creates a rebuttable presumption of negligence if the physician has failed to disclose a risk found on the list; section 6.07(b) provides that where no determination has been made concerning the disclosure of attendant risks, the physician is under a duty "to disclose the risks or hazards that could have influenced a reasonable person in making a decision to give or withhold consent." *Barclay v. Campbell*, 704 S.W.2d at 9.

■ If no presumption has been established by the Act, the patient-plaintiff must prove by expert medical testimony that the complained-of condition is a risk inherent to the procedure performed; the expert should also testify to all other facts regarding the risk that shows that knowledge of the risk might influence a reasonable person in making the decision to consent. *Id.*

■ In the instant case, the evidence fails to show that the panel has made any determination concerning the disclosure of risks attendant to the use of Premarin. Thus, since no presumption has been established, appellee must have proven by expert testimony (1) that thrombophlebitis is an inherent risk to the use of Premarin, and (2) that the risk is material, i.e., it could influence a reasonable person's decision to give consent to the procedure. *Id.* 704 S.W.2d at 9–10.

■ In our case, appellant provided the expert testimony through his deemed admissions and deposition testimony. Such evidence proved that thrombophlebitis is an inherent risk to taking Premarin. Appellant further testified that he is aware that the Physician's Desk Reference, which he testified is the bible for physicians in prescribing medication, indicates that a known side effect of Premarin is thrombophlebitis. Additionally, appellant testified that if a patient presented herself with thrombophlebitis and that patient had been taking Premarin, appellant would discontinue use of that drug.

We conclude that under the informed consent theory, the expert testimony presented meets the requirements of *Peterson*. It established that thrombophlebitis is an inherent risk to taking Premarin, and it established that the risk was material enough to influence a reasonable person in her decision to give or withhold consent. Appellant's first point of error is overruled.

In his second point of error, appellant contends that the trial court erred in denying his motion for new trial.

■ The judgment taken against appellant is a post-answer judgment, which is governed by the rule regarding the setting aside of a default judgment by means of a motion for new trial. *Stone Resources, Inc. v. Barnett*, 661 S.W.2d 148, 152 (Tex. App.—Houston [1st Dist.] 1983, no writ); *Siegler v. Williams*, 658 S.W.2d 236, 238 (Tex.App.—Houston [1st Dist.] 1983, no writ).

A motion for new trial is addressed to the sound discretion of the trial court, and this Court will not disturb the trial court's ruling unless there is a showing of an abuse of discretion. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex.1984).

The guiding rules that trial courts are to follow in determining whether to grant a motion for new trial were articulated in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939):

A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident; provided the motion for a new trial sets up a meritorious defense

and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Id.* 134 Tex. at 393, 133 S.W.2d at 126. In order to prevail, the motion for new trial must meet all of the requirements of *Craddock. Siegler,* 658 S.W.2d at 239.

To meet the meritorious defense requirement, the movant must plead facts in his motion that constitute a meritorious defense. Those facts must be supported by affidavits or other evidence proving, prima facie, that the movant has a meritorious defense. *Id.; Beard v. McKinney,* 456 S.W.2d 451 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ).

In the instant case, appellant alleged the following meritorious defense:

[T]he treatment afforded by him to Plaintiff was not contrary to that which would have been afforded by the average physician in Harris County, Texas under the same or similar circumstances, but in fact constituted proper professional medical treatment in accordance with standards exercised by the medical community in Harris County, Texas. Further, Defendant willshow [sic] that whatever physical ailments befell Plaintiff after she ceased following Defendants's [sic] instructions were not proximately caused by any act of Defendant, but were in fact due to acts and omissions on the part of Plaintiff or to new and independent circumstancec [sic] independent of any act of Defendant herein.

Appellant's motion fails to allege facts sufficient to establish a meritorious defense. There were no affidavits or testimony setting forth facts to support allegations made. Therefore, appellant has failed to meet the *Craddock* meritorious defense requirement.

Additionally, in order to comply with the *Craddock* requirement that movant's requested new trial will occasion no delay or injury to the non-movant, the moving party must show that he is ready, willing, and able to go immediately to trial, and he must also offer to reimburse the non-movant for the reasonable expenses incurred in obtaining the default judgment. *Angelo v. Champion Restaurant Equipment Co.,* 702 S.W.2d 209, 210 (Tex.App.—Houston [1st Dist.] 1985, writ granted); *Stone Resources, Inc.,* 661 S.W.2d at 152.

Appellant failed to allege any of the requisite factors to show that his requested new trial will occasion no delay or injury, and has failed to meet all of the requirements of *Craddock.* We hold that the trial court did not abuse its discretion in overruling appellant's motion for new trial. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.