Opinion issued December 12, 2002


















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00453-CV
____________
 
 ANNE NIGRELLE AND MICHAEL NIGRELLE, Appellants
 
V.
 
VILLAGE PLACE COMMUNITY ASSOCIATION, INC., Appellee
 

 
On Appeal from County Civil Court At Law No. 2
Harris County, Texas
Trial Court Cause No. 756,245
 

 
 
O P I N I O N
          Appellants, Anne Nigrelle and Michael Nigrelle, bring this appeal from the
trial court’s judgment in favor of appellee, Village Place Community Association,
Inc. (“the Association”), ordering appellants to remove an unapproved structure from
lot 28, block one of Lakeside Place, section one in Harris County, and pay the
Association’s attorneys fees.


 In four issues, appellants contend that the trial court
erred in granting judgment against them because: (1) neither appellant is a property
owner subject to the restrictive covenant of the Association, (2) counsel for the
Association perpetrated a fraud on the court by withholding evidence and deliberately
misstating material facts, (3) the statute of limitations barred the action, and (4) the
judgment is vague, indefinite, and incapable of being followed. 
          We affirm.
Facts and Procedural Background
          Charles B. Mallia, Jr., purchased real property in the Lakeside Place
subdivision in February 1974. Mallia constructed a shed adjacent to his home within
a utility easement of the Houston Lighting & Power Company, which granted Mallia
consent to encroachment in 1984. On February 17, 1989, Mallia transferred the
subject property to appellant, Anne Nigrelle, his sister, in a recorded warranty deed. 
Subsequently, Mallia executed a second warranty deed purportedly transferring the
subject property from himself to appellee, Michael Nigrelle, his nephew, on August
17, 1992. 
          In the summer of 2000, the Association sent notices to Mallia and appellants
that a structure on the subject property was in violation of applicable deed
restrictions. The restrictions required a property owner to seek approval from the
subdivision’s architectural control committee before “buildings or improvements of
any character shall be erected or placed or the erection begun.” Mallia appeared at
a meeting of the Association’s board of directors arguing that the structure was not
new and was not in violation, and that he was merely making repairs. The
Association did not agree and ordered removal of the structure.
          The Association then filed suit against Mallia and appellants on July 24, 2001,
seeking an injunction ordering the removal of the structure, civil damages, attorney’s
fees, and court costs. Mallia and appellants responded with a general denial and
asserted the affirmative defenses of laches and the statute of limitations. The case
was set for trial on January 29, 2002. Appellants received proper notice of the trial
date but did not appear. The Association then non-suited Mallia, and the trial
proceeded against appellants in their absence. The court rendered a default judgment
against appellants and ordered them to remove the structure and pay the Association’s
attorney’s fees. Appellants subsequently filed a motion for new trial, which was
overruled by operation of law.
Discussion
          When a defendant files an answer, but fails to appear at trial, a judgment
granted in favor of the plaintiff is a post-answer default judgment. Stoner v.
Thompson, 578 S.W.2d 679, 682 (Tex. 1979). Thus, the defendant's failure to appear
at trial is neither an abandonment of its answer nor an implied confession of any
issues. Stone Res., Inc. v. Barnett, 661 S.W2d 148, 151 (Tex. App.—Houston [1st
Dist.] 1983, no writ). Because appellants answered the Association’s lawsuit, the
Association had the burden to prove all the elements of its cause of action. Id.
          Essentially, appellants argue there was no evidence to support the trial court’s
judgment because neither of them is a subdivision property owner subject to the
restrictive covenants of the Association.


Standard of Review
          In determining a no-evidence point, we must consider all of the evidence in the
light most favorable to the verdict. Formosa Plastics Corp. v. Presidio Eng’rs &
Contractors, Inc., 960 S.W.2d 41, 48 (Tex. 1998). A no-evidence point will be
sustained when (a) there is a complete absence of evidence of a vital fact, (b) the
court is barred by rules of law or of evidence from giving weight to the only evidence
offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more
than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the
vital fact. Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.
1997). 
No Evidence of Property Ownership
          The Association is a property owner’s association, within the definition of the
Property Code, consisting of the owners of property in the Lakeside Place
subdivision. See Tex. Prop. Code Ann. § 202.001(2) (Vernon 1995). The
Association has the power to manage or regulate the property within the residential
subdivision. Id. An “owner” is an individual, fiduciary, partnership, joint venture,
corporation, association, or other entity that owns record title to real property in a
subdivision. Id. § 201.003(3) (Vernon 1995). 
          In this case, the trial court’s judgment ordered appellants to remove a structure
and pay attorney’s fees, relying on the Association’s assertion that appellants were
the owners of the property subject to the deed restriction. 
          The record reflects that the trial court admitted into evidence a warranty deed
offered by the Association that showed the subject property was transferred to Anne
Nigrelle in 1989. The trial court also admitted into evidence a warranty deed, offered
by the Association, that showed a transfer of the subject property to Michael Nigrelle
in 1992. Thus, there is some evidence showing appellants owned record title to the
subject property. 
          We overrule appellant’s first issue.
Conclusion
          We do not address appellants’ remaining issues because appellants did not
preserve these arguments for our review. See Tex. R. App. 33.1. We affirm the
judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Radack.

Do not publish. Tex. R. App. P. 47.