**Sadeque S. NAFICY, Appellant,**

v.

**Diane BRAKER, Appellee.**

**No. B14–82–017CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 14, 1982.

Rehearing Denied Nov. 10, 1982.

Michael P. Morris, Tekell, Book & Matthews, Houston, for appellant.

Steven G. Baughman, Campbell & Baughman, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

## OPINION

PAUL PRESSLER, Justice.

This is an appeal by writ of error of a default judgment.

Appellee filed suit against appellant alleging medical malpractice under the Medical Liability and Insurance Improvement Act, Tex.Rev.Civ.Stat.Ann. art. 4590i (Vernon 1981). Appellant was served with personal citation but neither filed an answer nor appeared. The trial court awarded damages of $85,000.00 plus post judgment interest after admitting photographs and sworn affidavits in evidence. We affirm the judgment of the trial court.

Appellant brings four points of error. First, he alleges that the pleadings were insufficient to support a default judgment because the plaintiff's original petition failed to give fair notice of the claim against him. He further asserts that appellee's claim is barred by limitations.

The petition alleges that appellee sustained injury on or about March 5, 1979, as a result of appellant's failure to exercise the degree of care that an ordinary prudent physician would have exercised under the same or similar circumstances. The petition further alleges that appellant did not

use ordinary care, skill and diligence in treating appellee as a patient and seeks damages for disfigurement. We hold that the petition is sufficient to give Dr. Naficy fair notice of the claim. Although the pleadings could have been subject to special exceptions, they are sufficient to give the appellant notice of the nature of the claim against him. Rule 47 of the Texas Rules of Civil Procedure requires only that an original petition contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." Rule 45 states: "That an allegation be evidentiary or be of legal conclusion shall not be ground for objection where fair notice to the opponent is given by the allegations as a whole." Tex.R.Civ.P. 45. The Texas Supreme Court has stated that:

> The rules expressly countenance more general allegations than formerly were permitted, and the default judgment will stand if the plaintiff has alleged a claim upon which the substantive law will give relief, and has done so with sufficient particularity to give fair notice to the defendant of the basis of his complaint, even though he has stated some element or elements in the form of legal conclusions which will need to be revised if attacked by special exceptions. McDonald, Texas Civil Practice § 17.23.3 at 120 (1971). *Stoner v. Thompson,* 578 S.W.2d 679 (Tex.1979).

Limitations is an affirmative defense and cannot be raised for the first time on appeal. *Pirtle v. Gregory,* 629 S.W.2d 919 (Tex.1982). This defense was, therefore, waived. Appellant's first point of error is overruled.

In his second point of error appellant complains that the trial court erred in granting a default judgment because the citation and officer's return were not on file with the court clerk for ten days. The transcript contains the officer's return showing it was filed with the court on April 16, 1981. The default judgment was granted and signed on June 16, 1981. The citation and return were clearly on file with the court for far more than the time required by Rule 107 of the Texas Rules of Civil Procedure. Appellant's second point of error is, therefore, overruled.

In his third and fourth points of error, appellant complains that the judgment for unliquidated damages was inconsistent with the pleadings. He further alleges that the evidence was incompetent and prevented him from obtaining a statement of facts in question and answer form. Appellant argues that the purpose of the rule requiring a statement of facts is to protect the appellant in a situation where no record was made and where a narrative statement of facts compiled from the memory of counsel or a trial judge might be incomplete or inaccurate. We agree. The rule is that: "If an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have a case reviewed on appeal can be preserved in no other way." *Rogers v. Rogers,* 561 S.W.2d 172 (Tex.1978). The statement of facts we have before us, though not in question and answer form, was prepared by a court reporter during the default judgment hearing and is a verbatim report of all the evidence relied upon by the trial court in making its decision. This provides a sufficient basis from which appellant may perfect an appeal. Rule 243 of the Texas Rules of Civil Procedure states that: "If the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to damages and shall render judgment therefore . . ." An examination of the record confirms that evidence was admitted and that the trial court had sufficient information from which it could determine the amount of damages.

Appellant claims that "(s)ince it is clear that proper evidence was not produced at the default judgment hearing, any resulting judgment could only award an

amount for liquidated damages." We find no merit in this contention. Absent an objection at the time of trial the trial court may properly consider an affidavit as evidence. Trial was to the court without a jury. Findings of fact and conclusions of law were not filed. In non-jury hearings it must be assumed that the trial court disregarded any incompetent evidence. *Gerland's Food Fair, Inc. v. Hare,* 611 S.W.2d 113, 120 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Appellant's third and fourth points of error are, therefore, overruled.

We affirm the judgment of the trial court.