Charles ANGELO, et al, Appellants,

v.

CHAMPION RESTAURANT
EQUIPMENT COMPANY,
Appellee.

No. 01–85–0423–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 3, 1985.
Rehearing Denied Dec. 5, 1985.

Bruce A. Coplen, Leger & Hall, P.C., Houston, for appellants.

Emmett Sterling Huff, Rodney Jack Reynolds, Houston, for appellee.

Before JACK SMITH, DUGGAN and HOYT, JJ.

## OPINION

HOYT, Justice.

This appeal arises from a default judgment entered on a sworn account against appellant, Charles Angelo (Angelo) individually and doing business as Angelo's Fisherman's Wharf Restaurant. Appellee, Champion Restaurant Equipment Company (Champion), sued Angelo to recover the balance owed for "goods, wares, merchandise, or services" on an open account. Angelo failed to answer Champion's petition, and a default judgment was entered against him for $34,390.87, plus attorney's fees of $1,750, prejudgment and postjudgment interest, and court costs. Angelo filed a timely motion for new trial, which was overruled. We affirm.

In two points of error, Angelo challenges the judgment contending that the trial court abused its discretion in (1) denying him a new trial and, (2) failing to correctly apply the doctrine of equity. In two other points of error, Angelo contends that (1) the court erred in denying his motion for new trial because the testimony upon which the judgment was based is unrecorded; and (2) the court erred as a matter of law in granting the default judgment because the case had been abandoned.

▆ On a motion for new trial following a default judgment, the defendant must show that his failure to answer before judgment was not intentional, or a result of conscious indifference, but was due to a mistake or an accident; and that he has a meritorious defense; and the granting of a new trial will occasion no delay or otherwise work an injury to the plaintiff. *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Further, to show no delay or injury to the plaintiff, the defendant must show that he has offered to reimburse the plaintiff for the reasonable expenses incurred in obtaining the default judgment, and that he is ready, willing and able to immediately go to trial. *Stone Resources, Inc. v. Barnett*, 661 S.W.2d 148, 152 (Tex.App.—Houston [1st Dist.] 1983, no writ).

Angelo's motion for new trial satisfies the failure to answer and the meritorious defense requirements of a motion for new trial. However, Angelo failed to satisfy the trial court that he was "ready, willing and able" to go to trial promptly and that he would reimburse Champion for the cost incurred in procuring the default judgment. The record from below, and the briefs on appeal, fail to address these requirements.

▆ The matter of granting a motion for new trial after default judgment is addressed to the sound discretion of the trial court and the trial court's order will not be set aside in the absence of a clear showing that the Court abused its discretion. *Kelly v. Novak*, 606 S.W.2d 25, 29 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). Because a motion for new trial is addressed to the sound discretion of the trial court on *all* requirements, *Zonker v. Sullivan*, 650 S.W.2d 189, 190 (Tex.App.—El Paso 1983, writ ref'd n.r.e.), we find no abuse of discretion and, therefore, overrule these points of error.

Angelo next contends that the default judgment should be reversed because the testimony on which the judgment was based was not recorded, and because no statement of facts is available for review of the sufficiency of the evidence to support the award of damages. Ordinarily, in the absence of a statement of facts, a reviewing court must presume that the evidence adduced supports the judgment. " '[I]f an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence in-

troduced, this may require a new trial where his right to have the case reviewed on appeal can be preserved in no other way.'" *Rogers v. Rogers,* 561 S.W.2d 172, 173–74 (Tex.1978) (quoting *Robinson v. Robinson,* 487 S.W.2d 713, 715 (Tex.1972)).

The record in the instant case fails to show that appellant made a request for a statement of facts or that a statement of facts was unavailable. "Where the record supports the judgment in the absence of a statement of facts, it is incumbent on the party alleging error to show that a statement of facts was necessary. In the absence of such a showing there is no error." *Brown v. McLennan County Children's Protective Services,* 627 S.W.2d 390, 394 (Tex.1982).

■ The damages and attorney's fees awarded were based upon affidavits. An affidavit by an attorney representing a party in suit, concerning an award of attorney's fees in an amount claimed to be reasonable, is considered to be expert testimony. *Gifford v. Old Republic Insurance Company,* 613 S.W.2d 43, 46 (Tex.Civ.App. —Houston [14th Dist.] 1981, no writ). A trial court may properly consider an affidavit as evidence in a default judgment hearing. *Naficy v. Braker,* 642 S.W.2d 282, 285 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.).

■ Because Angelo makes no contention that the affidavit on attorney's fees is defective and because there is no showing that a record is necessary to preserve his appeal, his point of error regarding the unavailability of a statement of facts is overruled.

■ Angelo lastly contends that the trial court erred as a matter of law in granting a default judgment because the record shows that Champion failed to prosecute the claim with due diligence, thereby abandoning the cause of action. The record discloses that Champion filed its motion for default judgment over 42 months after Angelo was required to file an answer. The "Rules of the District Courts of Harris County, Texas, for the Trial of Civil Cases"

provide a procedure for dismissal of cases which are not set for trial or tried within a reasonable period of time. *Id.* Rule 13. This case did not fall into that category of cases requiring utilization of that procedure.

Angelo further argues that he had an agreement with Champion's first attorney to dismiss the case and that he was justified in his belief that the cause had been abandoned. The record contains no evidence of such an agreement. We find no abandonment as a matter of law and accordingly overrule this last point of error.

The judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

DUGGAN, Justice, dissenting.

On original submission, this court found that appellant had met the first two requirements of *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939), in that the appellant's failure to answer was not due to conscious indifference, but was due to a mistake or an accident, and further, that appellant had set up a meritorious defense. However, we refused to order a new trial because the appellant had not met *Craddock's* third requirement, i.e., that the motion for new trial be filed at a time then the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. The appellant could have met this requirement in his motion for new trial by offering to pay the appellee's reasonable expenses of obtaining the default judgment and by stating that the appellant was ready, willing, and able to go immediately to trial. *Stone Resources, Inc. v. Barnett,* 661 S.W.2d 148, 152 (Tex.App.—Houston [1st Dist.] 1983, no writ). The appellant failed to do this.

An offer to pay the appellee's costs, made in the appellant's brief to the court of appeals, has been held sufficient to meet the requirement of offering to pay the appellee's expenses. *Dallas Heating Co. v. Pardee,* 561 S.W.2d 16 (Tex.Civ.App.—Dallas 1977, writ ref. n.r.e.). The appellant did

not make such an offer in his brief, but did do so in oral argument to this court. Without deciding whether such an offer should be held sufficient as a general rule, I believe it should be under the circumstances of this case.

Appellant says that his failure to file an answer before judgment was due to his mistake in believing that his payments to appellee's attorney had taken care of the matter. Appellant presented prima facie proof that he paid the amount owed, $34,-390.87, less a final invoice for $212 and added service charges. Appellee correctly states that appellant has not presented proof of an agreement with appellee's attorney. However, appellant's notification to appellee's attorney of his intent to pay, his subsequent payments, and the acceptance of the subsequent payments by appellee's attorney justified appellant in believing that the suit had been dismissed, or would not be pursued, or at least that any judgment taken would be for only the final invoice of $212 plus service charges. Appellant has therefore shown a meritorious defense and has shown that his failure to answer was due to accident or mistake, rather than to conscious indifference.

Something more has been shown, however. Appellee's attorney informed the trial court at the hearing on the motion for new trial that appellee's affiant and appellee's original attorney had both died since the suit was filed. The record showed a lapse of about three and three quarters years after service of citation before the appellee sought a default judgment. The delay itself may not be a sufficient basis for this court to find abandonment of appellee's claim as a matter of law; however, the delay coupled with the death of those with knowledge on the appellee's side plus prima facie proof of payment permits an inference that the judgment was obtained by mistake or accident of the *appellee*. This is something more than the necessary showing of mistake or accident on the part of the appellant. Appellant's appearance day passed before appellant made the third payment on the debt. Nevertheless, appellee's affiant and original attorney took no action to obtain a default judgment either before or after appellant made the third payment. Appellant's original attorney died three and one-half months before the default judgment was taken. It is significant to me that appellee's original affiant and original attorney did not see fit to pursue a default judgment for three and a half years, but that, as soon as they were both dead, the default judgment was taken by others who had no knowledge of the negotiations or circumstances surrounding the filing of the original suit.

I do not infer that appellee's present president or its present attorney have taken any action in bad faith. I do believe that the circumstances of this case justify the disregard of appellant's failure to formally offer, in his motion for new trial, to pay appellee's expenses of obtaining the default judgment.

In addition, the Texas Supreme Court has said it may not be fair to require the movant to pay all of the non-movant's expenses in every case. One factor that must be considered is the extent to which a defendant's failure to answer is caused by his own negligence. *United Beef Producers, Inc. v. Lookingbill,* 532 S.W.2d 958, 959 (Tex.1976). The prima facie proof in appellant's affidavit permits an inference that appellant's only negligence lay in trusting appellee's attorney to see that the suit was dismissed or not pursued, rather than making a formal answer.

The circumstances of this case also justify disregarding appellant's failure to formally state his readiness for trial. Appellee's own delay presents an equitable consideration in favor of appellant. Appellee's attorney argued at the hearing and again in his brief that appellant's delay resulted in prejudice to appellee because of the loss of appellee's affiant and first attorney while the suit was pending. The relevant delay period is the period between the time of granting the default judgment and the time when a new trial could take place. Appellant is, of course, not responsible for appellee's delay in seeking default judg-

ment. There is no suggestion that appellant's defense would require any length of time to prepare. On the contrary, it appears that appellee may need time to search its deceased attorney's records to show that the attorney did not in fact receive the payments, if such is the case. A delay of a few days or even a few weeks is inconsequential compared to the delay of three and three quarters years. Further, a grant of a new trial could properly be conditioned on appellant's being ready for trial upon appellee's demand, as well as upon appellant's payment of an appropriate amount for appellee's expenses in obtaining the default judgment.

An exception to the mechanical application of *Craddock's* requirements should be made when the record discloses, as it does in this case, such a strong likelihood that the default judgment was obtained by accident or mistake on the part of the *appellee.* I would hold that the trial court abused its discretion in refusing to grant the new trial. Accordingly, I would grant the motion for rehearing, reverse the trial court's refusal to grant a new trial after default judgment, and remand for a trial on the merits.