**Ken COLEMAN, Appellant,**

v.

**Shirley JOURNET, Appellee.**

**No. A14–92–01165–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 22, 1993.

Rehearing Denied Aug. 12, 1993.

Stephen Lekas, Houston, for appellant.

Shirley Journet, pro se.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

The parties were involved in a two car traffic accident in 1991. The appellee obtained a $1,500.00 judgment in the justice of the peace court for damages to her vehicle. The appellant appealed the judgment to the county court, which also rendered a $1,500.00 judgment for the appellee. The appellant raises four points of error in this court.

His first two points of error allege that the trial court (county court) lacked jurisdiction because the appellee failed to establish that the accident occurred in Harris County. However, whether the cause of action accrued in Harris County is a venue matter. Improper venue is not jurisdictional. The appellant's first two points of error are overruled.

In his third point of error, the appellant claims the county court lacked jurisdiction because no judgment was signed in the justice of the peace court. *See Housing Authority, City of Edgewood v. Sanders,* 693 S.W.2d 2, 2–3 (Tex.App.—Tyler 1985, writ ref'd n.r.e.); *Pullin v. Parrish,* 306 S.W.2d 241, 242 (Tex.Civ.App.—San Antonio 1957, no writ). Rule 557 provides that when a case is tried by a justice of the peace without a jury, "he shall announce his decision in open court, note the decision on the docket sheet and render judgment thereon." TEX.R.CIV.P. 557. Rule 558 requires the judgment to be recorded at length in the justice's docket, to be signed by the justice, and to clearly state the rights of the parties. TEX.R.CIV.P. 558. The transcript of judgment, signed by the justice of the peace, shows that the appellee sued the appellant for $1,500.00. It also shows that the appellant filed a $10.00 fee to appeal the judgment. The docket sheet shows that a judgment for the plaintiff in the amount of $1,500.00 was entered after a non-jury trial. The record shows that the county court had jurisdiction. We overrule the third point of error.

In his final point of error, the appellant contends there was no evidence to support the damages award. It is well settled that an owner of an automobile can testify as to its market value. *Tom Benson Chevrolet, Inc. v. Alvarado,* 636 S.W.2d 815, 823 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.). The appellant argues, however, that the only evidence of damages referred to personal value rather than market value. He relies on *Porras v. Craig,* 675 S.W.2d 503 (Tex.1984). Reliance on that case is misplaced. That case involved damages to real property. The only evidence of damages was the owner's testimony that the land was worth less to him. There was no testimony of the market value of the property. The court expressly noted that the landowner was qualified to give testimony of the market value of his own property. *Id.* at 505. He merely failed to do so.

In the present case, the appellee testified that the car was worth $1,550.00 less than it was before the collision. She stated that she had receipts showing $1,500.00 in repair costs, and that she already had paid $400.00. The testimony was unchallenged. We hold that this evidence was sufficient to support the trial court's finding of damages. We overrule the fourth point of error, and affirm the county court's judgment.