Affirmed and Memorandum Opinion 
filed August 26, 2003.
 
In The
 
Fourteenth 
Court of Appeals
_______________
 
NO. 14-02-00644-CV
_______________
 
U.S. AUTO INSURANCE SERVICES, 
INC., Appellant
 
V.
 
LES MARKS 
CHEVROLET, Appellee
                                                                                                                                                

On Appeal from the County Civil Court at Law Number One
Harris County, 
Texas
Trial Court Cause No. 754,847
                                                                                                                                                

 
M E M O R A N D U M   O P I N I O N
This is a restricted appeal from a 
default judgment in favor of appellee, Les Marks 
Chevrolet (AMarks@).  Appellant, U.S. Auto Insurance Services 
(AU.S. Auto@) brings two grounds: (1) it did not 
participate in the default judgment hearing and (2) error is apparent on the 
face of the record.  We 
affirm.
Facts

Marks agreed to sell a car to Keith 
Jones only after verifying through Aranda Insurance 
(AAranda@) that he had proper insurance.  Aranda 
confirmed that Jones had collateral protection with U.S. Auto and provided a 
written binder reflecting such coverage.  
Shortly after Jones received the car, he completely destroyed it in an 
accident.  Marks then sued U.S. 
Auto, claiming it had a duty to pay under the collateral protection policy.  U.S. Auto was served with citation on 
July 26, 2001.  On January 23, 2002, 
after U.S. Auto failed to respond, the trial court signed a no-answer default 
judgment.
Restricted 
Appeal
A.  Standard of 
Review
A party against whom a default 
judgment has been rendered may bring a restricted appeal.  See Tex. R. App. P. 30.  In order to successfully appeal, an 
appellant must establish (1) that the petition is brought within six months from 
the signing of the judgment; (2) that the party filing the petition was a party 
to the lawsuit; (3) that the party did not participate in the trial on the 
merits; and (4) that there is error apparent on the face of the record.  Id.  Campbell v. Fincher, 72 S.W.3d 723, 
724 (Tex. App.CWaco 2002, no pet.).  
B.  Application
U.S. Auto lists two reasons for its 
appeal: (1) it did not participate in the trial on the merits and (2) error is 
apparent on the face of the record.  
Because Marks agrees that U.S. Auto did not participate in the trial, we 
need only address whether error is apparent on the face of the record.  Accordingly, we must consider all papers 
on file in the record.  Norman Communications v. Tex. Eastman Co., 955 S.W.2d 
269, 270 (Tex. 1997) (per curiam).

U.S. Auto first contends that error 
is apparent on the face of the record because there is no 
reporter=s record of the default judgment 
hearing.  If damages are unliquidated, a court rendering a default judgment must hear 
evidence on damages.  Tex. R. Civ. P. 243; 
Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d 
80, 83 (Tex. 1992).  
U.S. Auto asserts that a reporter=s record is necessary when a trial 
court hears pleadings, evidence, and arguments of counsel.  See Smith v. Smith, 544 S.W.2d 
121, 123 (Tex. 1976); Alvarado v. Reif, 783 
S.W.2d 303, 304B05 (Tex. App.CEastland 1989, no writ) (reversing 
default judgment where there was no record of unliquidated damages and no reporter=s record made).  However, the judgment in this case 
reflects that the trial court considered only the pleadings and 
Asufficient evidence in the form of 
affidavits to establish Plaintiff=s damages.@  A trial court may award unliquidated damages in a default judgment based on 
affidavits.  See Tex. Commerce Bank Nat. Ass=n. 
v. New, 3 S.W.3d 515, 516B17 (Tex. 1999) (in no‑answer default 
judgment, affidavits satisfy Rule 243=s requirement of evidence of unliquidated damages).  
Further, the pleadings and affidavits constitute a record upon which the 
court may base a default judgment.  
Barganier v. Saddlebrook Apartments, 104 S.W.3d 171, 173 (Tex. 
App.CWaco 2003, no pet. h); Naficy v. Braker, 
642 S.W.2d 282, 285 (Tex. App.CHouston [14th Dist.] 1982, writ 
ref=d n.r.e.).  In a 
case such as this, a reporter=s record is unnecessary.  See Barganier, 104 S.W.3d at 173B74.  Thus, we overrule U.S. 
Auto=s first argument. 

Second, U.S. Auto contends there is 
no evidence that the $9,975 awarded was a Areasonable and 
necessary@ expense.  In his affidavit, 
Marks=s general manager avers the car 
Awas totally 
destroyed@ and the amount Adue and unpaid@ for it is $9,975.  Essentially, U.S. Auto is asserting that 
a car dealer must prove that the unpaid balance of the car=s sale price is reasonable and 
necessary.  However, the cases U.S. 
Auto cites address only whether repair costs are reasonable and necessary.  See Jackson v. Guiterrez, 77 S.W.3d 898, 904 (Tex. App.CHouston [14th Dist.] 2002, no pet.); 
Castanon v. Monsevais, 703 S.W.2d 295, 297 (Tex. 
App.CSan Antonio 1985, no writ).  These cases are inapplicable because the 
car in this case was destroyed, not repaired.  It is well settled that an automobile 
owner can testify as to its market value.  
Coleman v. Journet, 859 S.W.2d 550, 551 
(Tex. App.CHouston [14th Dist.] 1993, writ dism=d w.o.j.).  
Accordingly, we overrule this argument. 


Third, U.S. Auto contends Marks 
failed to plead that it was owed a duty or that Aranda 
was U.S. Auto=s agent; and thus there is 
insufficient evidence of a causal link between it and Marks=s damages.  These arguments are unavailing.  It is well established that a default 
judgment operates as an admission of the material facts alleged in 
plaintiff=s petition.  Stoner v. 
Thompson, 578 S.W.2d 679, 684B85 
(Tex. 1979).  Marks states in 
its petition:  

(1)       Marks 
verified with Aranda that the buyer had insurance 
before it allowed him to take possession of the car. 
(2)       Aranda, who was U.S. Auto=s agent, confirmed there was coverage through U.S. 
Auto.
(3)       Marks 
relied on U.S. Auto=s representations, but was 
denied its claim for damages after the buyer Atotaled@ the car.
 
Based on the above admissions, there 
was sufficient evidence of a causal link.  
We overrule U.S. Auto=s third argument.  

Next, U.S. Auto contends the trial 
court erroneously awarded attorney=s fees for two reasons.  It asserts that Marks cannot recover 
because Marks failed to plead the authority under which it is entitled to 
attorney=s fees.  Generally, attorney=s fees are not recoverable unless 
authorized by contract or statute.  
Willacy County Appraisal Dist. v. North Alamo Water Supply Corp., 
676 S.W.2d 632, 640 (Tex. App.CCorpus Christi 1984, writ 
ref=d n.r.e.).  A 
party need not plead the specific statute under which 
attorney=s 
fees are available, if the party pleads facts which entitle him to relief.  Mitchell v. LaFlamme, 60 S.W.3d 123, 130 (Tex. App.CHouston [14th Dist.] 2000, no 
pet.); O=Connell v. Hitt, 730 S.W.2d 16, 18 (Tex. 
App.CCorpus Christi 1987, no writ).  The Texas Insurance Code provides for 
award of attorney=s fees to prevailing parties.  See Tex. Ins. Code Ann. art. 21.21, ' 
16 (Vernon Supp. 2003).  
Further, Marks pleaded violations of articles 21.21 and 21.55 of the 
Texas Insurance Code.  Article 
21.21, _ 3 prohibits unfair or deceptive acts 
under the Insurance Code.  Under 
article 21.21, _ 4(1), such a deceptive act includes 
misrepresenting terms of a policy.  
Tex. Ins. Code 
Ann. art. 
21.21, ' 
4(1) (Vernon Supp. 2003).  
Because we take the facts pleaded as true in Marks=s petition, U.S. Auto misrepresented 
the coverage of the collateral protection policy.  We find Marks pleaded sufficient facts 
under the Texas Insurance Code which entitled it to recover 
attorney=s fees.  Mitchell, 60 S.W.3d at 130.  

U.S. Auto also contends the evidence 
was insufficient for an award of $1,000 in attorney=s fees.  It alleges that the affidavit of 
Marks=s counsel was incomplete because it 
did not delineate the number of hours worked, his hourly rate, or a statement 
that the work was necessary.  We 
disagree.  U.S. Auto cites no 
authority supporting its assertion that a default judgment creditor must provide 
such information in an attorney=s fee affidavit.  Further, the trial court has discretion 
to fix the amount of reasonable attorney=s fees.  Budd v. Gay, 846 S.W.2d 521, 524 
(Tex. App.CHouston [14th Dist.] 1993, no 
writ).  Marks=s attorney submitted an affidavit 
that reflects his 28 years of experience, the specific work done in this case, 
and his familiarity with fees charged in Harris County for such work.  For example, he stated that he filed the 
Original Petition, obtained service, prepared all relevant affidavits, and 
prepared and filed the proposed Final Judgment.  He further stated that $1,000 was a 
reasonable fee based on such factors as:
(a)       The time 
and labor required, the novelty and difficulty of the questions involved and the 
skill requisite to perform the legal services 
properly;
(b)       The fee 
customarily charged in the locality for similar legal 
services;
(c)       The amount 
of the claim by Plaintiff against the Defendant;
(d)       The time 
limitation imposed by the client;
(e)       The 
experience of the attorney performing the services.
 
Such information is sufficient 
evidence supporting the trial court=s judgment for 
attorney=s fees.  Tex. Commerce Bank Nat. 
Ass=n., 3 S.W.3d at 517B18; see also Columbia Rio Grande 
Reg=l Hosp. v. 
Stover, 17 
S.W.3d 387, 396B97 (Tex. App.CCorpus Christi 2000, no pet.).  Accordingly, we overrule U.S. 
Auto=s final point of error.  

Having overruled each of U.S. 
Auto=s issues and sub-issues, we affirm 
the judgment of the trial court.
 
 
/s/        
Charles W. Seymore
Justice
 
Judgment rendered and Memorandum 
Opinion filed August 26, 2003.
Panel consists of Justices Anderson, 
Seymore, and Guzman.