Affirmed in Part and Reversed and Remanded in Part and Opinion filed
February 6, 2007








 

Affirmed in Part and Reversed and Remanded in Part and Opinion
filed February 6, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-01178-CV

____________

 

MARCUS DUNTE WHITAKER, Appellant

 

V.

 

LOIS ROSE, JOHN ROSE, JR., and JOHN
ROSE, III,
Appellees

 



 

On Appeal from the County
Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 805,739

 



 

O P I N I O N

This is a restricted appeal from a no-answer default
judgment.  Appellees, Lois Rose, John Rose, Jr., and John Rose, III (Athe Roses@), sued appellant,
Marcus Dunte Whitaker (AWhitaker@), for damages
resulting from a car accident.  Whitaker raises three issues on appeal.  We
affirm in part and reverse and remand in part.








Factual and Procedural Background

On February 20, 2003, Lois Rose (ALois@) drove her car
with her son, John Rose, III (AJohn, III@), as a
passenger.  As she entered an intersection, her car was struck by Marcus Dunte
Whitaker=s vehicle. 
Whitaker=s vehicle hit the
Roses= vehicle on the
driver=s side after
running a stop sign.  Later that evening, Lois and John, III experienced pain
and needed medical attention.  The next day, Lois=s husband, John
Rose, Jr. (AJohn, Jr.@) took his wife
and son to a family clinic where they were examined.  The doctor prescribed
physical therapy and pain medication for both Lois and John, III.  Lois was
unable to drive and did not return to work for 30 days.  John, Jr. sought and
received time off from work for approximately two and a half weeks in order to
take care of his wife and son at home.  

The Roses filed their original petition against Whitaker on
November 20, 2003.  Whitaker was properly served but failed to answer.  The
Roses moved for default judgment, and the trial court granted their motion. 
The trial court set a date to hear evidence of damages, but instead, it entered
the default judgment based upon documentary evidence supplied by the Roses:
Lois=s affidavit and
supporting documents, including her lost wages report and medical records for
herself and John, III; and John, Jr.=s affidavit and
supporting documents, including his lost wages report.  The trial court entered
the default judgment in the precise amounts requested by the Roses in their
affidavits.  Whitaker did not file any post-judgment motions, but he did file a
restricted appeal one day prior to the six-month filing deadline.  

Discussion

In his restricted appeal, Whitaker alleges three grounds
for setting aside the default judgment and granting a new trial:  (1) no reporter=s record was made
at the default judgment hearing; (2) appellees failed to prove their damages;
and (3) the judgment fails to distinguish between reversible and non-reversible
damages.  








I.                   
Standard of Review

A restricted appeal constitutes a direct attack on a
default judgment.  Tex. R. App. P. 30;
Gen. Elec. Co. v. Falcon Ridge Apartments Joint Venture, 811 S.W.2d 942,
943 (Tex. 1991).   A restricted appeal must (1) be brought within six months
after the trial court signs the judgment, (2) by a party to the suit, (3) who
did not participate in the actual trial, and (4) the error complained of must
be apparent from the face of the record.  See Tex. R. App. P. 30; Norman Commc=ns v. Tex. Eastman Co.,
955 S.W.2d 269, 270 (Tex. 1997).  Both parties agree Whitaker has met the first
three elements.  Therefore, this appeal considers whether the issues raised by
Whitaker are apparent on the face of the record.  The face of the record
includes all papers on file in the appeal.  Norman Commc=ns, 955 S.W.2d at 270. 
Because a restricted appeal affords an appellant the same scope of review as an
ordinary appeal, the legal and factual sufficiency of the evidence to support
the judgment may be challenged. 

When a no-answer default judgment is entered, the
non-answering party is deemed to have admitted all facts properly pleaded.  Morgan
v. Compugrapic Corp., 675 S.W.2d 729, 732 (Tex. 1984); Jackson v.
Guitierrez, 77 S.W.3d 898, 901 (Tex. App.CHouston
[14th Dist.] 2002, no pet.).  However, this presumption does not apply to
unliquidated damages.  Tex. Commerce Bank, N.A. v. New, 3 S.W.3d 515,
516 (Tex. 1999); Novosad v. Cunningham, 38 S.W.3d 767, 773 (Tex. App.CHouston [14th Dist.] 2001,
no pet.).  A plaintiff alleging unliquidated damages must present competent
evidence that is consistent with the cause of action pled.  Tex. R. Civ. P. 243; Holt Atherton
Indus., Inc. v. Heine, 835 S.W.2d 80, 83 (Tex. 1992).  

II.                
No Reporter=s
Record








In his first issue, Whitaker contends he is entitled to
a new trial because the Roses failed to ensure a reporter=s record was produced from
a default judgment hearing.  Whitaker argues a reporter=s record is required for a no-answer default
judgment, as it is required for a post-answer default judgment.  This
contention is incorrect.  

One area where no-answer and post-answer default
judgments differ greatly is what is considered admitted because of the
default.  In a post-answer default judgment, the defendant has filed an answer
with the trial court, and the defendant does not abandon that answer or confess
any issues because the defendant fails to pursue the remainder of the trial.  See
Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979); In re K.B.A., 145
S.W.3d 685, 690  (Tex. App.CFort
Worth 2004, no pet.). The plaintiff must offer evidence and prove the entire
case, including liability and damages.  See Stoner, 578 S.W.2d at 682; Armstrong
v. Benevides, 180 S.W.3d 359, 362 (Tex. App.CDallas
2005, no pet.).  Thus, the lack of a reporter=s
record in a post-answer default judgment requires reversal.  Carstar
Collision, Inc. v. Mercury Finance Co., 23 S.W.3d 368, 370 (Tex. App.CHouston [1st Dist.] 1999,
pet. denied).  Such is not the case in a no-answer default judgment.  








In a no-answer default context, judgment can be entered
on the pleadings alone, and all facts properly pled are deemed admitted.  Morgan,
675 S.W.2d at 732.  While plaintiffs must produce evidence of damages
before a trial court may order a default judgment, those damages need not be
presented with testimony.  A trial court may award damages in a no-answer
default judgment case based on affidavits.  Tex. Commerce Bank, 3 S.W.3d
at 517; Naficy v. Braker, 642 S.W.2d 282, 285 (Tex. App.CHouston [14th Dist.] 1982,
writ ref=d n.r.e.). 
For liquidated damages, a trial court can render a default judgment if it can
verify the damages by referring to the allegations in the petition and the
written instruments.  Tex. R. Civ. P. 241;
BLS Limousine Servs, Inc. v. Buslease, Inc., 680 S.W.2d 543, 547 (Tex.
App.CDallas 1984, writ
ref=d n.r.e.).  For
unliquidated damages, however, the trial court must hear evidence as to
damages, but affidavits will satisfy the evidence requirement of Texas Rule of
Civil Procedure 243.  See Tex. R.
Civ. P. 243; Tex. Commerce Bank, 3 S.W.3d at 516B17.  Because the Roses
provided the trial court with affidavits in support of their damages, the lack
of a reporter=s record
in an appeal from a no-answer default judgment does not constitute error on the
face of the record.  We overrule Whitaker=s
first issue.  

Damages Awards

In Whitaker=s
second issue, he attacks several aspects of the Roses= damage award.  He first contends the Roses
did not prove liability[1] and
causation.  He next contends the evidence of the Roses= damages is legally and factually
insufficient. In his third issue, Whitaker asserts he is entitled to a new
trial because the judgment of the trial court fails to distinguish between
reversible and non-reversible damages.

A.      Evidence
of Damages

The legal and factual sufficiency of the evidence to
support an award of unliquidated damages may be challenged on appeal from a
no-answer default judgment.  Argyle Mech., Inc. v. Unigus Steel, Inc.,
156 S.W.3d 685, 687 (Tex. App.CDallas 2005, no pet.).  Where a specific
attack is made upon the sufficiency of the evidence to support the trial court=s determination of
damages in a default judgment, the appellate court must review the evidence
produced.  Dawson v. Briggs, 107 S.W.3d 736, 751 (Tex. App.CHouston [1st
Dist.] 2003, no pet.).  








We will sustain a legal sufficiency or Ano evidence@ challenge if the
record shows one of the following: (1) a complete absence of a vital fact; (2)
rules of law or evidence bar the court from giving weight to the only evidence
offered to prove a vital fact; (3) the evidence offered to prove a vital fact
is no more than a scintilla; or (4) the evidence establishes conclusively the
opposite of the vital fact.  City of Keller v. Wilson, 168 S.W.3d 802,
810 (Tex. 2005).  We consider the evidence in the light most favorable to the
verdict and indulge every reasonable inference that supports it.  Id. at
821B22.  The evidence
is legally sufficient if it would enable reasonable and fair-minded people to
reach the verdict under review.  Id. at 827.  We credit favorable
evidence if reasonable jurors could, and disregard contrary evidence unless
reasonable jurors could not.  See id.   In reviewing a factual
sufficiency challenge, we examine all the evidence.  Castanon v. Monsevais,
703 S.W.2d 295, 297 (Tex. App.CSan Antonio 1985, no writ).  We will
reverse only if the finding is against the great weight and preponderance of
the evidence.  Id.

In the Roses= petition, Lois
sought to recover the following damages: 

(1)     reasonable and necessary medical care  in
the past, 

(2)     reasonable and necessary medical care in the
future, 

(3)     past physical pain and suffering, 

(4)     future physical pain and suffering, 

(5)     past physical impairment, 

(6)     physical impairment which, in all reasonable
probability, will be suffered in the future, 

(7)     past lost earnings, 

(8)     lost earnings which, in all reasonable
probability, will be suffered in the future, 

(9)     past loss of consortium, 

(10)    past loss of household services, 

(11)    past mental anguish, and

(12)    future
mental anguish.  

Except for items (7) - (10) above, John, III asserted the
same elements of damages as Lois.  John, Jr. sought only to recover the
following damages:

(1) past lost earnings, 

(2) past loss of consortium, 








(3) reasonable and necessary medical care in the past, and

(4) reasonable and necessary medical care in the future.

Though properly served with process, Whitaker did not
answer the Roses= suit.  The Roses moved for default
judgment, and the trial court granted their motion.  The trial court did not
hold an evidentiary hearing regarding unliquidated damages, but instead, it
rendered the default judgment based upon documentary evidence supplied by the
Roses.  In Lois=s affidavit, she testified that she had
suffered the following alleged damages: (1) past medical expenses totaling
$2,994.65, (2) pain and suffering, mental anguish, and emotional distress in
the amount of $6,000, and (3) lost wages in the amount of $2,653.84.  Even
though the total of these amounts exceeds $11,000, Lois also testified in her
affidavit as follows: AMy total damages when combined with
inconvenience is $9,000.@  

Lois also testified in her affidavit as to the following
alleged damages for John, III: (1) past medical expenses totaling $2,043.65 and
(2) John, III=s pain and suffering, mental anguish, and emotional
distress in the amount of $4,000.  Lois further testified that John, III Awas inconvenienced
because he was unable to carry on the usual and normal activities of a 14 year
old student.@  Even though the total of the damages for John, III
mentioned by Lois is $6,043.65, Lois stated in her affidavit that A[John, III=s] total damages
when combined with inconvenience is $6,500.@

In his affidavit, John, Jr. stated that he suffered lost
wages of $1,429.60 and that his Atotal damages when
combined with inconvenience is $4,500.@








The trial court rendered the default judgment in the
precise amounts of Atotal damages@  requested by
Lois and John, Jr. in their affidavitsC$9,000 for Lois,
$6,500 for John, III, and $4,500 for John, Jr.  The trial court did not specify
the elements of damages upon which it based these awards, and the record does
not provide any means for determining the elements of damages upon which the
trial court relied.  The affidavits provide no basis for distinguishing the
elements of damages awarded by the trial court because, as noted above, the Atotal damages@ requested by each
of the Roses does not equal the sum of the amounts requested for specific
elements of damages in the affidavits.[2] 
Therefore, neither the trial court=s judgment, nor
the affidavits of Lois and John, Jr. provide any means of distinguishing the
amounts awarded by the trial court for specific elements of damages.         Whitaker
also contends the Roses= evidence of medical expenses does not
comply with the affidavit requirement of section 18.001 of the Texas Civil
Practices and Remedies Code, and in the absence of comporting affidavits, they
are required to use expert testimony to prove their medical expenses were
reasonable and necessary.  Whitaker is correct.  A claim for past medical
expenses must be supported by evidence that such expenses were reasonable and
necessary as a result of the injury.  See Texarkana Mem=l Hosp., Inc. v.
Murdock, 946 S.W.2d 836, 840 (Tex. 1997).  A default judgment does not relieve
a plaintiff of this burden.  Jackson, 77 S.W.3d at 902B03.  A plaintiff
can prove reasonableness and necessity of past medical expenses through (1)
expert testimony on the issues of reasonableness and necessity or (2) an
affidavit prepared and filed in compliance with section 18.001 of the Texas
Civil Practice and Remedies Code.  Texarkana Mem=l Hosp., Inc., 946 S.W.2d at
840.  Because the Roses only offered documentary evidence, they must meet the
requirements of section 18.001.  Section 18.001 provides:

(b) Unless a controverting affidavit is filed as provided by this
section, an affidavit that the amount a person charged for a service was
reasonable at the time and place that the service was provided and that the
service was necessary is sufficient evidence to support a finding of fact by
judge or jury that the amount charged was reasonable or that the service was
necessary.  








(c) The affidavit must: (1) be taken before an officer with authority
to administer oaths; (2) be made by: (A) the person who provided the service;
or (B) the person in charge of records showing the service provided and charge
made; and (3) include an itemized statement of the service and the charge.

Tex. Civ. Prac. & Rem. Code Ann. ' 18.001(b)B(c) (Vernon
1997).  

The documentary evidence accompanying Lois=s affidavit
includes medical records, doctors= reports, pain assessment
reports, and an itemized statement of services rendered and charges incurred. 
The doctors= reports consist of one report from an osteopathic
physician and a second report from a radiologist. 

This evidence does not satisfy the requirements set forth
by section 18.001 because neither of these reports are affidavits.  An
affidavit is a statement of facts sworn to as the truth before an officer
authorized to administer oaths.  See Tex.
Gov=t Code Ann. ' 312.011(1) (Vernon 2005).  These doctors= reports are
statements of facts about the medical care provided to Lois and John III, but
they were not under oath, and therefore, they do not satisfy the affidavit
requirement of section 18.001.  See, e.g., Tex. Civ. Prac. & Rem. Code Ann. ' 18.002(a)B(b) (Vernon 1997)
(example forms of affidavits for doctor or custodian of records evidencing the
basic requirements of section 18.001).  Accordingly, we find that there is
legally insufficient evidence to support an award for reasonable and necessary
medical care in the past as to Lois and John, III.  

Likewise, there is no evidence of the following elements of
damage for which Lois and John, III sought recovery: 

(1)     reasonable and necessary medical care in the
future, 

(2)     past physical impairment, 

(3)     physical impairment which, in all reasonable
probability, will be suffered in the future, 

(4)     past mental anguish, and 

(5)     future mental anguish.  








Furthermore, there is no evidence as to the following
elements of damage for which Lois sought recovery: 

(1)     lost earnings which, in all reasonable
probability, will be suffered in the future, 

(2)     past loss of consortium, and

(3)     past loss of household services.  

In addition, there is no evidence as to the following
elements of damage for which John, Jr. sought recovery: 

(1)     past loss of consortium, 

(2)     reasonable and necessary medical care in the
past, and 

(3)     reasonable
and necessary medical care in the future.  

B.      Separability
of Damages

In his third issue, Whitaker asserts he is entitled to a
new trial because the judgment fails to distinguish between reversible and
non-reversible damages.  In support of his argument, Whitaker cites Rule
44.1(b) of the Texas Rules of Appellate Procedure and this court=s decision in Jackson
v. Gutierrez, 77 S.W.3d 898, 903B04 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).     








In Jackson, this court held that if a default
judgment makes a single damage award based on more than one damage element and
if there is no evidence to support the award as to one of the elements upon
which the award is based, then this court must reverse and remand as to the
entire award, even though one of the other elements might be sufficient to
support the award.[3] 
See id. (citing Tex. R. App. P.
44.1(b)).  In Jackson, the trial court awarded a single
amount for mental anguish and pain and suffering.  Id.  On appeal, the evidence
of mental anguish was held legally insufficient, and the record did not provide
Aany means@ of distinguishing
the amount awarded for mental anguish from that awarded for pain and
suffering.  Id.  Therefore, the Jackson court concluded that Aeven if an
award for pain and suffering was supported by the evidence, the precise amount
of damages could not be determined.  We therefore must also reverse the pain
and suffering award.@  Id.

In the instant case, as in Jackson, there is no
evidence of at least one possible damage element as to each of the three
lump-sum awards.  Further, because the trial court did not specify the damage
elements it was awarding in its judgment, and the record does not provide any
means for distinguishing the amounts awarded for each element of damage, we
cannot determine whether the trial court awarded damages based on the elements
as to which there is no evidence.  Therefore, this court must reverse all of
the damage awards and remand the claims for a new trial on unliquidated
damages.  See id.; see also Holt Atherton, 835 S.W.2d at 86
(holding that when appellate court sustains no evidence point after an
uncontested hearing on unliquidated damages following no answer default
judgment, appropriate disposition is to remand for trial on issue of
unliquidated damages).  Because there is no evidence of the Roses= damages, we do
not reach the issue of causal nexus.  See Morgan, 675 S.W.2d at 732 (AThe causal nexus
between the event sued upon and the plaintiff=s injuries must be
shown by competent evidence.@).  Accordingly, we sustain appellant=s third issue and
reverse all of the damage awards and remand the claims for a new trial on
unliquidated damages and causal nexus.  

 

 

 

 








Conclusion

We affirm the trial court=s judgment as to
liability.  We reverse all of the damage awards and remand for a new trial on
the issue of damages.  

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Opinion filed February 6, 2007.

Panel consists of
Justices Anderson, Edelman, and Frost. 









[1]  Whitaker may not challenge liability here because,
in a default context, the causal nexus between the conduct of the defendant and
the event sued upon is admitted by default.  Morgan v. Compugraphic
Corp., 675 S.W.2d 729, 732 (Tex. 1984).  However, the causal nexus between
the event sued upon and the plaintiff=s
alleged injuries is not admitted by default, and Aproof of this causal nexus is necessary to ascertain the amount of
damages to which the plaintiff is entitled.@  Id.





[2]  For example, Lois=s
affidavit alleges she suffered damages in the following amounts: $2,994.65 in
medical expenses; $2,653.84 in lost wages; and $6,000.00 in pain and suffering,
mental anguish, and emotional distress.  Therefore, the sum of the amounts
requested by Lois for specific elements of damages is $11,648.49.  However, in
her affidavit, Lois also alleges that her Atotal
damages when combined with inconvenience is $9,000.00."  The discrepancy
between these amounts, coupled with the fact that the trial court awarded a
lump sum of $9,000.00 to Lois, makes it impossible for us to determine, based
upon evidence in the affidavits, the amount awarded by the trial court for any
single element of damages.   





[3]  Our holding in Jackson is based on the same
principles applied by the Texas Supreme Court in Crown Life Ins. Co. v.
Casteel, 22 S.W.3d 378, 388 (Tex. 2000) (holding the trial court erred in
submitting a jury charge which mixed valid and invalid theories of liability in
a single broad-form submission, and that such error was harmful because it
prevented the appellate court from determining whether the jury based its
verdict on an invalid theory of liability).